IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JENNY WADDELL,<br><br>        Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL,<br><br>        Defendant. | **MEMORANDUM OPINION<br>AND ORDER**<br><br>Case No. 2:18-cv-00642<br><br>District Judge Bruce S. Jenkins |

Pursuant to 42 U.S.C. § 405(g), Plaintiff seeks judicial review of a decision by the Acting Commissioner of the Social Security Administration. The decision denied her claim for disability insurance benefits under Title II of the Social Security Act. The matter came before this court on April 5, 2019, with Ryan Oldroyd appearing on behalf of Plaintiff and Melissa Scheunemann appearing on behalf of Defendant. After hearing oral argument, the court reserved on the matter. Having carefully reviewed the record, briefs, and oral arguments, the court hereby AFFIRMS the Commissioner's decision.

## DISCUSSION

In 2003, Plaintiff's left hand was struck at work, causing chronic regional pain syndrome (CRPS) in her left hand and upper left extremity. She left the workforce in 2009, alleging her CRPS had become too impairing. Plaintiff last paid social security taxes in 2014. Evaluating whether Plaintiff became disabled between 2009 and 2014, the ALJ found at step two that Plaintiff's impairment was severe, but at steps three through five, she found it was not enough to be a disability because Plaintiff's pain could be managed for her to do light work. Plaintiff has

presented four arguments for reversal of the ALJ's decision, mostly centering on the ALJ's alleged failure to follow SSR 03-02p, a regulation governing CRPS cases like this one.

First, Plaintiff argues the ALJ erred when failing to consider whether Plaintiff's impairment equaled the per se disability of peripheral neuropathy, under listing 11.14.[1] Although SSR 03-02p notes CRPS will never meet a listed impairment, the regulation directs an ALJ to "determine whether medical equivalence [to a listed impairment] may exist." *Titles II & XVI: Evaluating Cases Involving Reflex Sympathetic Dystrophy Syndrome/Complex Reg'l Pain Syndrome*, SSR 03-02p *6 (S.S.A. Oct. 20, 2003). Here, the court finds the ALJ did consider whether Plaintiff's impairment equaled listing 11.14. The ALJ's heading for step three so indicates, and she provided thorough reasoning later in the decision—as she may do—about why Plaintiff did not met her burden of showing an equivalent impairment. *See* Tr. 16–19 (assessing Plaintiff's level of limitation in physical functioning); *Fischer-Ross v. Barnhart*, 431 F.3d 729, 733 (10th Cir. 2005) ("[A]n ALJ's findings at other steps of the sequential process may provide a proper basis for upholding a step three conclusion that a claimant's impairments do not meet or equal any listed impairment.").

Second, Plaintiff argues the ALJ erred when giving little or no weight to Plaintiff's 2011 and 2017 treating physician opinions. According to SSR 03-02p, an ALJ must give a treating physician opinion "controlling weight" if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record." SSR 03-02p at *5. Additionally, the regulation requires an impairment be established by objective medical evidence and "not only by an individual's statement of

---

[1] A per se disability under this listing requires a claimant's impairment meet, or equal in severity, the following: (1) peripheral neuropathy, (2) a marked limitation in physical functioning, and (3) a marked limitation in one of four areas of mental-health functioning.

symptoms." *Id.* at *3. Here, the court finds the ALJ made no reversible error. As to the 2017 physician opinion, the ALJ appropriately gave it "little" weight because the opinion admits it was "based purely on [Plaintiff's] subjective complaints" and that Plaintiff "[did] not have any objective findings." Tr. 1039. The 2017 opinion is also inconsistent with substantial evidence in the record showing Plaintiff's pain can be managed with treatment, which she was receiving. As to the 2011 opinion, although the ALJ gave it no weight, the error was harmless. The opinion itself supports the ALJ's decision because it advocates for continued trigger-point injections to keep Plaintiff employable. *See* Tr. 548–49. Indeed, Plaintiff continued this treatment. *See* Tr. 18, 491–92. The harmless error does not warrant reversal.

Third, Plaintiff argues the ALJ erred in evaluating Plaintiff's credibility. SSR 03-02p instructs an ALJ to evaluate credibility when the claimant's statements about her pain—about its intensity, persistence, or effects—are not substantiated by objective medical evidence. SSR 03-02p at *6. In doing so, the ALJ must examine the "entire case record," including not only the plaintiff's subjective complaints but also the objective medical evidence, treating physician statements, and any other relevant evidence. *Id.* Here, the court finds the ALJ properly evaluated the credibility of Plaintiff's alleged pain. After considering the entire record and the factors required by the regulations, the ALJ found it credible that Plaintiff experienced *some* limitations from pain, but not credible that she experienced *disabling* limitations from pain. The record shows Plaintiff's daily activities, albeit limited, are more than sporadic—she cooks basic meals, does her own laundry, gardens, vacuums, picks up after her dog, and cares for her nephew from time to time. *See, e.g.*, Tr. 38–39, 42, 174–75. *Cf. Frey v. Bowen*, 816 F.2d 508, 517 (10th Cir. 1987) (noting the claimant could have disabling pain where daily activities were so limited that "he does no yard work and only minor house chores, mostly to care for himself"). Moreover,

Plaintiff's treatment history shows her pain, although it fluctuates, but can be managed. *See, e.g.*, Tr. 492, 548–49. Thus, the record as a whole supports the ALJ's credibility determination.

Fourth, Plaintiff argues the ALJ erred when giving hypotheticals to the vocational expert. Specifically, the ALJ omitted Plaintiff's alleged limited attention and concentration. Defendant did not address this argument; nevertheless, the court finds the ALJ did not err. An ALJ's hypothetical to a vocational expert must reflect all impairments "borne out by the evidentiary record." *Decker v. Chater*, 86 F.3d 953, 955 (10th Cir. 1996). Here, the record includes Plaintiff's testimony that her pain affects her sleep and concentration, and her physician's 2017 opinion that Plaintiff's pain "often" interferes with her attention and concentration. Tr. 17, 1040. But Plaintiff's testimony about her pain was discounted by the ALJ's credibility determination and the 2017 opinion was given "little" weight for its solely subjective basis and inconsistency with the record. Tr. 19. Because Plaintiff's alleged limitations are not borne out by the record, the ALJ appropriately omitted them from hypotheticals to the vocational expert. *See Newbold v. Colvin*, 718 F.3d 1257, 1268 (10th Cir. 2013) (omitting a limitation where the ALJ gave a physician opinion "diminished weight"); *Decker*, 86 F.3d at 955 (omitting a limitation where the ALJ found the claimant's statements only "partially credible").

## CONCLUSION

Because the ALJ's decision is supported by substantial evidence and free of harmful legal error, the Commissioner's decision is therefore AFFIRMED. Judgment shall be entered in Defendant's favor in accordance with Fed. R. Civ. P. 58.

DATED this 7th day of May, 2019.

Bruce S. Jenkins
United States Senior District Judge